# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-2327

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Allen R. Davison, | * | |
| | * | **[UNPUBLISHED]** |
| Appellant. | * | |

_____

Submitted: December 29, 2010
Filed: January 31, 2011

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

The United States commenced this civil action seeking to enjoin Allen Davison, a certified public accountant and tax advisor, from selling fraudulent tax shelters and giving federal tax advice. After a lengthy bench trial, the district court[1] entered an order invoking its authority to take action to enforce the federal tax laws, see 26 U.S.C. § 7402(a), and enjoining Davison from creating, promoting, or selling certain tax schemes, and requiring him to give the Internal Revenue Service (IRS) information about his tax counseling practice. Davison appeals, arguing that the

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

government failed to prove it was entitled to an injunction, and that the injunction requiring Davison to disclose the names of his tax clients to the IRS requires him to breach fiduciary duties to his clients and violates both his First Amendment right of free speech and his clients' privacy rights.

After careful review, we conclude that the district court did not abuse its discretion in issuing the injunction. The government presented substantial evidence supporting the district court's findings that Davison knowingly created and promoted numerous tax evasion schemes. The court carefully considered and weighed the relevant factors that inform a district court's decision whether to grant a permanent injunction. See Oglala Sioux Tribe v. C&W Enters., Inc., 542 F.3d 224, 229 (8th Cir. 2008). Accordingly, the decision of the district court and, with one exception, the provisions of the permanent injunction are affirmed.

The first sentence of the injunction enjoins Davison from promoting or selling specific types of tax plans discussed in the court's lengthy opinion and then adds, "or any other illegal tax scheme, plan, or device, even if not specifically addressed herein." This add-on proviso is not sufficiently specific because the term "illegal tax scheme" is both vague and undefined. See Fed. R. Civ. P. 65(d)(1)(B). The proviso is also an injunction to obey the law that is overbroad under general equitable principles. See Jake's, Ltd., Inc. v. City of Coates, 356 F.3d 896, 904 (8th Cir. 2004). Accordingly, we remand with instructions to replace this proviso with the term, "or any other tax scheme, plan, or device that involves the types of sham companies, sham contracts, or bogus deductions addressed herein."

———————————————————